FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

2010 OCT 19  PM 12: 31

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

ELLEN JEANETTE PARADAY,

      Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

      Defendant.

2:10 -CV- 645 -FtM-36DNF

Case No. 9:10-cv-_____

**CHARLENE E. HONEYWELL**
**U.S. DISTRICT JUDGE**
**DOUGLAS N. FRAZIER**
**U.S. MAGISTRATE JUDGE**

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ELLEN JEANETTE PARADAY (hereinafter referred to as

"PARADAY"), by and through undersigned counsel, and files this Complaint against PORTFOLIO

RECOVERY ASSOCIATES, LLC (hereinafter referred to as "PRA") and alleges:

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §

      1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of **PRA**'s repeated violations of the Fair Debt Collection Practices

      Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices

      Act ("FCCPA"), section 559.55 et seq. of the Florida Statutes, in its illegal efforts to collect

      a consumer debt from **PARADAY**.

3.    Venue is proper in this District because the acts and transactions occurred here, **PARADAY**

      resides here, and **PRA** transacts business here.

## PARTIES

4.    **PARADAY** is a natural person who, at all times relevant herein, resided in Lee County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and section 559.55(2), Fla. Stat.

5.    **PRA** is a Delaware limited liability company operating from an address of 120 Corporate Boulevard, Suite 100, Norfolk, Virgina 23502-1111, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and section 559.55(6).

## FACTUAL ALLEGATIONS

6.    Prior to his death, **PARADAY'S** deceased husband, Gerald Paraday, incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and section 559.55(1), Fla. Stat., namely, a debt to pay for a Citibank credit card, account number ending in 7305, in the approximate amount of $16,000.00.

7.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant and/or others for collection from **PARADAY'S** husband.

8.    On May 30, 2009, PARADAY'S husband filed bankruptcy under Chapter 13 of the United States Bankrupcy Code in the United States Bankrutpcy Court in and for the Middle District of Florida, Fort Myers Division, bankrutpcy case numer 9:09-bk-11456-ALP.

9.    PRA filed a proof of claim in the bankrutpcy case. See attached EXHIBIT 1.

10.    Prior to the completion of the bankruptcy, PARADAY'S husband passed away on February 18, 2010.

11.   PARADAY'S husband's bankruptcy case was dismissed without discharge on March 15, 2010 (see attached EXHIBIT 2) and PRA began attempting to collect on the debt.

12.   PARADAY informed PRA of her husband's death at which time PRA misrepresented that PARADAY was now responsible for it and began sending dunning letters in her name.

13.   PRA also began placing collection calls to PARADAY at a rate of sometimes 4 - 5 times per day.

14.   PARADAY also informed PRA that she was represented by counsel and PRA needed to cease communication with her.  PRA persisted to communicate directly with PARADAY demanding she pay the debt.

15.   PRA's conduct exacerbated the emotional loss from her husband's death as it made her feel helpless and that he left her with significant financial problems.

*Summary*

16.   All of the above-described collection actions and communications made to **PARADAY** by **PRA** and other collection employees employed by **PRA** were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f, amongst others, and the FCCPA, including but not limited to sections 559.72(7), (9), and (18).

17.   During their collection communications, the debt collectors employed by **PRA** repeatedly failed to provide **PARADAY** with the notices required by 15 U.S.C. §§ 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

18. The above-detailed conduct by **PRA** of harassing **PARADAY** in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA.

19. This series of attempted collection acts by **PRA** and its employees pushed **PARADAY** to consider bankruptcy as a way out of this debt.

20. **PRA**'s illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of **PARADAY**.

21. **PARADAY** has suffered actual damages as a result of these illegal collection communications by the **PRA** in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

*Respondeat Superior Liability*

22. The acts and omissions of the debt collectors employed as agents by **PRA** who communicated with **PARADAY** as more further described herein, were committed within the time and space limits of their agency relationship with their principal, **PRA.**

23. The acts and omissions by the debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by **PRA** in collecting consumer debts.

24. By committing these acts and omissions against **PARADAY**, the debt collectors were motivated to benefit their principal, **PRA.**

25. **PRA** is therefore liable to **PARADAY** through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and

-4-

federal law by its collection employees, including but not limited to violations of the FDCPA and the FCCPA in their attempts to collect this debt from **PARADAY**.

<strong>TRIAL BY JURY</strong>

26.    **PARADAY** is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

<strong><u>CLAIMS FOR RELIEF</u></strong>

<strong>COUNT I<br>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br>15 U.S.C. § 1692 et seq.</strong>

27.    **PARADAY** incorporates by reference 1 – 26 of the above paragraphs of this Complaint as though fully stated herein.

28.    The foregoing acts and omissions of the **PRA** and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to **PARADAY**.

29.    As a result of **PRA**'s violations of the FDCPA, **PARADAY** is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from **PRA**.

**WHEREFORE, PARADAY** prays that judgment be entered against **PRA**:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for **PARADAY**;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) for **PARADAY**;

-5-

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) for **PARADAY**; and

- for such other relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

30.    **PARADAY** incorporates by reference 1 – 26 of the paragraphs of this Complaint as though fully stated herein.

31.    The foregoing acts and omissions of the **PRA** constitute numerous and multiple violations of the FCCPA including, but not limited to, violation of sections 559.72(7), (9), and (18), with respect to **PARADAY**.

32.    As a result of **PRA**'s violations of the FCCPA, **PARADAY** is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from **PRA**.

33.    Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to **PARADAY** such as enjoining further illegal collection activity. **PARADAY** will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE, PARADAY** prays that judgment be entered against **PRA**:

- for an award of actual damages pursuant to Section 559.77 for **PARADAY**;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 for **PARADAY**;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 for **PARADAY**;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from **PARADAY**'s credit report; and

- for such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: <u>09-14-10</u>

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
<u>www.DellutriLawGroup.com</u>
*Attorneys for Plaintiff*

By: <u>s/David W. Fineman</u>
DAVID W. FINEMAN, ESQ.
Fla. Bar No. 0040993
<u>dfineman@DellutriLawGroup.com</u>

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA        )
                                ) ss

COUNTY OF LIBERTY        )

Plaintiff, ELLEN JEANETTE PARADAY, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
ELLEN JEANETTE PARADAY

Subscribed and sworn to before me this 14th day of SEPTEMBER, 2010 by ELLEN JEANETTE PARADAY who:

☐ is personally known; or

☒ produced identification FL DL  P630-213-59-649-0

_____
Notary Public

My Commission Expires Aug. 17, 2014

(SEAL)



-8-



My Commission Expires Aug. 12, 2013

